IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-75,513-01, WR-75,513-02 & WR-75,513-03






EX PARTE LEE SCOTT CLEMONS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. CR18527-A, CR18529-A & CR18530-A 


IN THE 35TH JUDICIAL DISTRICT COURT FROM BROWN COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one charge
containing two counts of aggravated sexual assault of a child, and two charges of indecency with a
child by exposure. He was sentenced to ninety-nine years' imprisonment for each count of
aggravated sexual assault of a child, and ten years' imprisonment for each of the indecency with a
child charges. The Eleventh Court of Appeals affirmed his convictions. Clemons v. State, Nos. 11-08-00046-CR, 11-08-00047-CR & 11-08-00048-CR, pet. ref'd). 

 Applicant contends, inter alia, that his trial and appellate counsel rendered ineffective
assistance for a number of reasons. Applicant alleges that trial counsel failed to exercise peremptory
strikes to remove potentially biased jurors, failed to object to the introduction of multiple outcry
witnesses by the State, failed to object to inadmissible propensity evidence under Texas Rules of
Evidence 404 and 405, failed to object to an erroneous medical opinion, failed to object to a witness
who had been manipulated, failed to object to DNA evidence as the fruit of an unconstitutional
search, failed to object to a violation of Texas Rule of Evidence 614, and failed to object to improper
arguments by the prosecutor. Applicant also alleges that neither trial counsel nor appellate counsel
filed a motion for new trial to preserve errors for direct appeal.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial and appellate counsel with the opportunity to respond to Applicant's
claims of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether trial or appellate counsel represented
Applicant during the applicable period for filing a motion for new trial, whether that attorney
considered filing a motion for new trial, and if not, why not. The trial court shall also make findings
as to whether the performance of Applicant's trial attorney and appellate attorney was deficient and,
if so, whether trial or appellate counsel's deficient performance prejudiced Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 6, 2011

Do not publish